## In re Anonymous No. 28 D.B. 76

Disciplinary Board Docket no. 28 D.B. 76.

SCHIAVO, *Board Member*, August 19, 1977 — Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (Rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

Respondent [ ] is an attorney admitted to practice law in the Commonwealth of Pennsylvania, and his office is located at [ ], [ ], [ ] County, Pennsylvania.

The office of the disciplinary counsel on September 14, 1976 filed a petition for discipline at no. 28 D.B. 76 against respondent which was duly served upon him on September 15, 1976. The petition alleges that respondent violated thirteen different disciplinary rules in his handling of the estate of [A].

Respondent did not file an answer to the petition. On October 18, 1976 the petition for discipline was referred to the hearing committee [B] consisting of

[ ], Esquire, Chairman, [ ] Esquire, and [ ] Esquire, who after hearing part of the case ultimately disqualified themselves, leading to referral on December 13, 1976, of the petition to the hearing committee [C] consisting of [ ] Esquire, Chairman [ ] Esquire, and [ ], Esquire.

Disciplinary hearing committee [B] held two hearings on the matter, one on December 6, 1976, and the other on December 13, 1976. At these hearings respondent represented himself. The subsequent disciplinary hearing committee [C] held its hearing on the matter on January 14, 1977 at which respondent also represented himself. Many of the facts at all the hearings were elicited by stipulation of respondent.

On May 25, 1977, the hearing committee [C] filed its report and recommendation, recommending that respondent be suspended from practice for a period of not less than six months. No objections were filed to said report and recommendation, and on June 15, 1977, the matter was referred to the Disciplinary Board for review.

The Disciplinary Board adopts the findings, conclusion and recommendation of the hearing committee.

## II.   FINDINGS AND DISCUSSION

The Disciplinary Board found that the hearing committee [C] properly concluded that respondent's conduct in the matter of the estate of [A] constituted a violation of Disciplinary Rules 1-102(A)(6), 6-101(A)(3), 9-102(A), 9-102(B)(2), 9-102(B)(3) and 9-102(B)(4).

Respondent acted as both co-executor and legal counsel for the estate of [A] in the discharge of his duties and handling of the assets of that estate

which were in the neighborhood of $66,000 of various bank account source funds.

In May and June of 1974, respondent transferred all of decedent's bank account balances into his own personal account except for a $11,172.26 [D] bank account which he transferred into an estate account. The record indicates that on September 15, 1976, the estate account was inexplicably reduced to $6.06 and the balance in respondent's personal or attorney account was reduced to $66.06 (N. T. Jan. 14, 1977, p. 11a).

When asked by disciplinary counsel whether respondent used these moneys for his own personal use, respondent replied in so many words that he never really considered the estate moneys as estate moneys per se so that the use thereof was not significant provided so long as he had enough of his own personal treasury notes (purchased prior to his representation of the estate) to cover the same (N. T. Jan. 14, 1977, pp. 15a-19a). He also admitted that he commingled the estate assets or funds with his own (N. T. Jan. 14, 1977, p. 20a).

Compounding one impropriety with others, respondent wrote a personal check to his wife on these funds, did not file an accounting for said estate by the time of the last hearing even though ordered to do so and did not by the time of the last hearing make the remaining distribution of approximately $20,000 to the last legatee (N. T. Jan. 14, 1977, pp. 22a and 24a). In fact most of respondent's alleged violations were admitted by him by stipulations which are a part of this record.

Respondent had been before the Disciplinary Board previously and on other matters involving an informal admonition and a private reprimand.

Disciplinary counsel had recommended a three

month's suspension for respondent on the basis of respondent's willingness to cooperate, stipulate as to facts and aid in developing expeditiously a complete record of the case.

The Disciplinary Board is more impressed with the seriousness of respondent's offenses which clearly establish his said violations which include the commingling of estate moneys with his own, the misappropriation of estate moneys, his complete lack of concern as to title and entitlement to said estate moneys and his failure to make the remaining and substantial distribution to the last legatee even though requested by her and her subsequent legal counsel to do so.

Under a prior (but now suspended) statutory provision respondent could well have been disbarred for his acts: Act of April 14, 1834, P.L. 333, sec. 74, 17 P.S. §1662. To be reasonably consistent with previous decisions by the Disciplinary Board on similar cases, the Disciplinary Board must justifiably recommend a suspension of longer than three months: Office of Disciplinary Counsel v. [Anonymous], Supreme Court no. 135, Disciplinary Docket no. 1, Disciplinary Board nos. 37 D.B. 75 and 51 D.B. 75; Office of Disciplinary Counsel v. [Anonymous], Supreme Court no. 93, Disciplinary Docket no. 1, Disciplinary Board no. 21 D.B. 74.

That a longer period of suspension or other serious discipline is not recommended by the Disciplinary Board is due to the fact that respondent did cooperate with disciplinary counsel as aforesaid to resolve this case.

### III. RECOMMENDATION

The Disciplinary Board recommends to your honorable court that respondent [   ] be suspended from the practice of law for a period of six months.

## ORDER

And now, September 19, 1977, the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania, dated August 19, 1977, recommending that pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement [respondent] be suspended from the practice of law in the Commonwealth of Pennsylvania for a period of six months are hereby approved; and it is

Ordered, that the said [respondent] be, and he is hereby suspended for a period of six months from the bar of this court and in all the courts of Pennsylvania and until further order of this court.